**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHEVY CHASE BANK, F.S.B.,**

    **Plaintiff,**

-vs-                                          Case No. 6:09-cv-2132-Orl-31GJK

**CHARLES C. CARRINGTON, et al,**

    **Defendants.**
_____

**CHARLES C. CARRINGTON,**

    **Third Party Plaintiff,**

**FLAGSTAR BANK, F.S.B.,**

    **Third Party Defendant.**
_____

# ORDER

This matter comes before the Court on the Motion to Remand (Doc. 10) filed by Defendant and Third Party Plaintiff Charles C. Carrington ("Carrington") and the response (Doc. 27) filed by the Third Party Defendant, Flagstar Bank, F.S.B. ("Flagstar").

**I.**  **Background**

The Plaintiff, Chevy Chase Bank, F.S.B. ("Chevy Chase"), filed a complaint in state court seeking to foreclose its mortgage on property owned by Carrington. In November 2009, Carrington filed a third party complaint against Flagstar, which holds a second mortgage on the property. Carrington alleged that Flagstar had violated two federal laws – the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") – and a number of state

laws. On December 18, 2009, Flagstar removed the entire case to this Court pursuant to 28 U.S.C. § 1441(c), which provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. § 1331] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which state law predominates."

Carrington seeks a remand on the grounds that the jurisdictional language of the TILA and RESPA is similar to the jurisdictional language of the Consumer Credit Protection Act ("CCPA"), which was held by this Court to bar removal in *Griffin v. Hooper-Homes Bureau, Inc.*, 413 F.Supp. 107 (M.D.Fla. 1976). The pertinent CCPA language provided that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1681p. The *Griffin* court relied on the decision in *Ruth v. Westinghouse Credit Co., Inc.*, 373 F.Supp. 468 (D.C.Okl. 1974), in which the same language had been at issue. The *Ruth* court found that the only jurisdictional language comparable to that of the CCPA was to be found in the Fair Labor Standards Act. *Ruth* at 469. The relevant language from the Fair Labor Standards Act provided that "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained . . . in any federal or state court of competent jurisdiction." 29 U.S.C. § 216(b).

Because other courts had repeatedly held that cases brought in state court under the Fair Labor Standards Act could not be removed to federal court, the *Ruth* court held that cases brought in state court under the CCPA could not be removed. *Ruth* at 470-471. The *Griffin* court agreed,

and further held that the part of the jurisdictional language of the CCPA authorizing the bringing of a suit "in any appropriate United States district court . . . or in any other court of competent jurisdiction," 15 U.S.C. § 1681p, reflected "an intent to settle at the outset of an action under the statute the specific forum in which that litigation will proceed." *Griffin* at 109.

Neither of these cases are persuasive. The courts that held that FLSA cases were not removable focused on the jurisdictional language providing that such suits could be *maintained* in any federal or state court. *See Johnson v. Butler Bros.*, 162 F.2d 87, 88-90 (8th Cir. 1947). Use of the word "maintained" suggested that Congress intended for FLSA suits to be kept wherever the plaintiffs opted to file them. *Haun v. Retail Credit Co.*, 420 F.Supp. 859, 862 (D.C.Pa. 1976). The jurisdictional language of the CCPA is not analogous, as it does not mention maintenance of such suits. Further, despite the *Griffin* court's finding to the contrary, the statement that a CCPA suit may be brought "in any appropriate United States district court . . . or in any other court of competent jurisdiction," 15 U.S.C. § 1681p, simply does not suggest any intent by Congress that such suits be kept in the court where they were originally filed.[1] The weight of authority is that such language is intended to provide for concurrent jurisdiction, rather than instituting a bar to removal. *See Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649, 651 (D.C.N.Y. 1978), and cases cited therein.

In pertinent part, the Truth in Lending Act provides that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction."

---

[1] Several cases explicitly reject or decline to follow the *Griffin* decision. *See*, *e.g.*, *Matise v. Trans Union Corp.*, 1997 WL 86417 (N.D. Tex. Feb. 19, 1997) (rejecting *Griffin*). The Court's research did not uncover any cases that have followed it on this issue in the 34 years since it was handed down.

15 U.S.C. § 1640(e). The relevant language for RESPA provides that an action "may be brought in the United States district court or in any other court of competent jurisdiction". 12 U.S.C. § 2614. Because neither act provides that the actions are to be *maintained* in the courts in which they were brought, the Court finds that removal of either type of suit is permitted.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 10) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 1, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party