CHEVY CHASE BANK, F.S.B.,

        **Plaintiff,**

-vs-                                  Case No.  6:09-cv-2132-Orl-31GJK

CHARLES C. CARRINGTON, et al,

        **Defendants.**
_____

CHARLES C. CARRINGTON,

        **Third Party Plaintiff,**

-vs-

FLAGSTAR BANK, F.S.B.,

        **Third Party Defendant,**
_____

# ORDER

This matter comes before the Court on the Motion to Dismiss Amended Third Party

Complaint (Doc. 29) filed by the Third Party Defendant, Flagstar Bank, F.S.B. ("Flagstar"), and

the response (Doc. 46) filed by Defendant/Third Party Plaintiff Charles Carrington ("Carrington").

Carrington, an attorney, is representing himself in this matter.  Flagstar seeks dismissal pursuant to

Fed.R.Civ.P. 12(b)(6) of Carrington's Amended Third Party Complaint (Doc. 40).

## I.      Background

The Plaintiff, Chevy Chase Bank, F.S.B. ("Chevy Chase"), filed suit against Carrington

and others on June 9, 2009, seeking to foreclose its mortgage on certain real property owned by

Carrington. On November 6, 2009, Carrington filed a Third Party Complaint (Doc. 2) against

Flagstar, which holds a second mortgage on the property, asserting violations, *inter alia*, of the

Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement

Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* Flagstar removed the case to this Court on

December 18, 2009.

## II. Legal Standard

A motion to dismiss for failure to state a claim merely tests the sufficiency of the

complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765

(11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as

true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group,

Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the

pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long

County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the

speculative level, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 127 S.Ct. 1955, 1966 167

L.Ed.2d 929 (2007), and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*,

495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or

legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines,

Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. Analysis

Flagstar seeks dismissal of various counts on a number of different bases, which will be

considered in turn.

## A. TILA claim (Count I)

In his first count, Carrington seeks both damages and rescission as a result of alleged violations of TILA. Carrington contends that Flagstar failed to provide him with the TILA-mandated disclosures before the loan closed on November 22, 2005. Carrington filed his TILA claim on November 6, 2009.

Damages claims and efforts at rescission under TILA are subject to different time restrictions. Pursuant to 15 U.S.C. § 1640(e), Carrington was required to bring his claim(s) for damages "within one year from the date of the occurrence of the violation." "The violation 'occurs' when the transaction is consummated." *Velardo v. Fremont Investment & Loan*, 298 Fed.Appx. 890, 892 (11th Cir. 2008). Carrington has not pled any facts that, if true, would result in the loan having been consummated on some date other than the closing date. Accordingly, the one year period provided by statute for Carrington to bring his claim for damages ran out on November 22, 2006.

Within this Circuit, the one-year statute of limitations set forth in 15 U.S.C. § 1640(e) is subject to equitable tolling. *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998). However, such tolling requires affirmative concealment on the part of the lender – something more than mere nondisclosure. *See Williams v. Saxon Mortg. Services, Inc.*, 2007 WL 2828752, at *4 (S.D.Ala. Sept. 27, 2007) and cases cited therein. Harrington alleges that this limitations period should be equitably tolled. However, although he purports to have pleaded numerous instances of "active concealment" by Flagstar in the Amended Third Party Complaint, what he has actually pleaded is simply a continuing series of failures to disclose. Repeated failures to disclose are insufficient to trigger equitable tolling.

In addition to a right to sue for damages, TILA provides borrowers with a right to rescind the transaction

> until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a). In his Amended Third Party Complaint, Carrington makes a number of arguments that his transaction has not been "consummated," all of them specious.[1] Thus, Carrington's right to rescind ran until the later of midnight three business days after November 22, 2005 or the date on which Flagstar provided him with the various disclosures required by 15 U.S.C. § 1635(a). Carrington alleges that Flagstar has not yet provided him with the required disclosures. However, even where the lender fails to make the disclosures required by 15 U.S.C. § 1635(a), TILA provides that the borrower's right of rescission "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

Carrington contends that he exercised his right of rescission by mailing a rescission demand to Flagstar on October 17, 2008, within three years of the closing date, and that Flagstar wrongfully refused to rescind. He argues that 15 U.S.C. § 1640(e) gave him one year from the end of that 20 day period to bring suit, making Count I timely. (Doc. 46 at 4). But the United States

---

[1]Under the pertinent regulation, "consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." *Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1065 (11th Cir. 2004) (citing 12 C.F.R. § 226.2(a)(13)). The items cited by Carrington as demonstrating the lack of consummation have to do with purported doubts on the part of the lender regarding the transaction, not anything that would impact a lack of obligation on Carrington's part.

Supreme Court has held that the three-year limit set forth in 15 U.S.C. § 1635(f) is not a statute of limitations, establishing the time frame in which one may bring suit. Rather, 15 U.S.C. § 1635(f) operates to extinguish the right of rescission itself. *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 417, 118 S.Ct. 1408, 1412, 140 L.Ed.2d 566 (1998). In addition, the United States Court of Appeals has stated, in dicta, that TILA plaintiffs must bring their rescission action within the three-year period set forth in 15 U.S.C. 1635(f). *In re Smith*, 737 F.2d 1549, 1554 (11th Cir. 1984). As a statute of repose, 15 U.S.C. § 1635(f) is not subject to equitable tolling. *McMillian v. AMC Mortg. Services, Inc.*, 560 F.Supp.2d 1210 (S.D.Ala. 2008). Thus no matter what actions Flagstar took or failed to take, Carrington's right to rescind was extinguished as of November 22, 2008 – well before he filed the instant suit. Thus both the damages and rescission portions of Carrington's TILA claim are time-barred.

**B. FDUTPA and FCCPA (Count III)**

Carrington alleges that Flagstar's actions violate both the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. ("FDUTPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"). Carrington does not oppose the dismissal of this count, but requests that it be without prejudice and with leave to amend, so that he may assert a claim for violations of the federal counterparts of these state statutes. (Doc. 46 at 10). The Court will construe Carrington's response as a voluntary dismissal of this count, which will therefore be without prejudice. However, if Carrington wishes to assert federal claims similar to those raised in this count originally, he must file a separate motion for leave to amend, and must meet the requirements of Rule 15 or Rule 16, as appropriate.

## C.    Wrongful Foreclosure (Count IV)

Notwithstanding Carrington's citations to letters in which foreclosure is threatened (Doc.

46 at 11-12), Flagstar has not yet initiated foreclosure proceedings.  As such, this claim is not ripe.

Count IV will be dismissed without prejudice.

## D.    RESPA (Count VI)

In this count, Carrington contends that Flagstar failed to properly respond to his October

17, 2008 letter (henceforth, the "First Rescission Letter") and another letter, dated December 15,

2008 (the "Second Rescission Letter"), and that these failures constituted violations of RESPA.[2]

(Doc. 40 at 52).[3]   In particular, Carrington alleges that, after receiving the letters, Flagstar (1)

failed to investigate his allegations and correct his account within 60 days, as required by 12

U.S.C. § 2605(e)(2), and, (2) during that 60-day period, improperly provided information

regarding overdue payments relating to the matter under investigation to a consumer reporting

agency, as prohibited by 12 U.S.C. § 2605(e)(3).  (Doc. 40 at 51).

The investigation and correction obligations set forth in 12 U.S.C. § 2605(e)(2) only arise

when a loan servicer receives a "qualified written request," which is defined as "written

correspondence . . . that . . . includes a statement of the reasons for the belief of the borrower, to

the extent applicable, that the account is in error or provides sufficient detail to the servicer

---

[2]Carrington also purports to assert a claim for a violation of 12 U.S.C. § 2607, which prohibits kickbacks and unearned fees, but does not include any factual assertions supporting such a claim.

[3]The First Rescission Letter (Doc. 40 at 87) is attached to the Amended Third Party Complaint as Exhibit H, and the Second Rescission Letter (Doc. 40 at 91) is attached to the Amended Third Party Complaint as Exhibit I. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.  Fed.R.Civ.P. 10(c).

regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). The First

Rescission Letter, which is attached to the Amended Third Party Amended Complaint as Exhibit

"H," does not assert that the account is in error or seek any information. (Doc. 40 at 87).[4]  As

such, it cannot constitute a "qualified written request," and cannot give rise to any obligations on

the part of Flagstar under 12 U.S.C. § 2605(e)(2). And because the 60-day period for investigation

under 12 U.S.C. § 2605(e)(2) never commenced, Flagstar could not have violated 12 U.S.C. §

2605(e)(3) by sending information to reporting agencies during that period.

The Second Rescission Letter, though much lengthier, shares the same shortcomings. It

excoriates Flagstar for refusing to recognize the rescission, but it does not assert that the account is

in error, and does not seek information about the account. As was the case with the First

Rescission Letter, the Second Rescission Letter could not constitute a qualified written request,

and it cannot give rise to obligations on Flagstar's part pursuant to 12 U.S.C. § 2605(2) or (3).

### E.    Breach of Confidential Relationship and Fiduciary Duties (Count VII[5])

In this count, Carrington contends that Flagstar "established a relationship of lender and

borrower with [Carrington], including the attendant fiduciary duties and duty to maintain

confidentiality." (Doc. 40 at 55). Under Florida law, "the relationship between a bank and its

borrower is that of creditor to debtor, in which parties engage in arms-length transactions and the

---

[4]Simply stated, the First Rescission Letter is made up of the following: Carrington's statement that he is rescinding the loan pursuant to TILA, an explanation that he is doing so due to a lack of TILA disclosures at the loan closing, an announcement that he is current on the loan, a promise to sue if the rescission results in harm to his credit history, and a request for a response "within the twenty day time period under TILA." (Doc. 40 at 87).

[5]Count VII is improperly identified as "Count X" in the Amended Third Party Complaint. (Doc. 40 at 54).

bank owes no fiduciary responsibilities." *Carpenter v. Cmty. Bank of Homestead*, 710 So. 2d 65, 66 (Fla. 3d DCA 1998). Accordingly, Count X will be dismissed with prejudice.

**F.    Breach of Loan Documents (Count II) and Disparagement of Credit (Count V)**

Flagstar contends that these two counts (and other counts that have been dismissed for other reasons) should be dismissed because they are premised on violations of TILA or RESPA, for which Carrington has failed to state a claim. Carrington argues that both counts are also based on other alleged violations. However, both are based at least in part on the now-defunct allegations that Flagstar violated TILA or RESPA or the parties' alleged fiduciary relationship, among others. Both counts will therefore be dismissed without prejudice.

The Court also notes that the Amended Third Party Complaint does not satisfy Rule 8's requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Carrington includes more than 35 pages of "general allegations," all of which are incorporated into each count, whether they are relevant to that count or not. (Mostly, they are not.) Carrington also incorporates the allegations he makes within each count into each succeeding count, whether those allegations are relevant or not. (Again, mostly, they are not.) Huge swaths of the Amended Third Party Complaint are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises – material proper in legal memoranda, but almost never proper in a complaint. (The obvious inference is that the drafter of such a pleading was attempting to evade the court-imposed page limits on legal memoranda.) The Court has waded through all of this excessive, irrelevant and improper verbiage to resolve this motion. But it will not do so again. Should Carrington choose to file another third

party complaint, it must comply with Rule 8, or the Court will not hesitate to impose sanctions, up to and including *sua sponte* dismissal.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Amended Third Party Complaint (Doc. 29) is **GRANTED IN PART** and **DENIED IN PART**. Counts I, VI, and VII are **DISMISSED WITH PREJUDICE** and Counts II, III, IV, and V are **DISMISSED WITHOUT PREJUDICE**, for the reasons detailed above. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 1, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party