# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHEVY CHASE BANK, F.S.B.,

                              **Plaintiff,**

-vs-                                           Case No.  6:09-cv-2132-Orl-31GJK

CHARLES C. CARRINGTON, et al,

                              **Defendants.**

_____

CHARLES C. CARRINGTON,

                           **Third Party Plaintiff,**

-vs-

FLAGSTAR BANK, F.S.B.,

                          **Third Party Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Intervene (Doc. 74) filed by Third Party Defendant Flagstar Bank, F.S.B. ("Flagstar"), and the response (Doc. 81) filed by Defendant/Third Party Plaintiff Charles Carrington ("Carrington").

## I.      Background

This case was initiated by Chevy Chase Bank, F.S.B. ("Chevy Chase"), which filed a two-count complaint in state court on June 9, 2009 to reform and foreclose its first mortgage on real property owned by Carrington.  (Doc. 1-5).  Along with Carrington, Chevy Chase sued Mortgage

Electronic Registration Systems, Inc. ("MERS") as nominee for Fidelity Funding Mortgage Corp. ("Fidelity"), which had recorded a second mortgage on the property. (Doc. 1-5 at 5). Flagstar was not named in the original complaint.

On November 6, 2009, Carrington filed a third-party complaint against Flagstar, asserting claims for alleged violations of, *inter alia*, two federal laws: the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). On December 18, 2009, Flagstar removed the case pursuant to 28 U.S.C. § 1441(c). Carrington moved to have the case remanded, arguing that the jurisdictional language of TILA and RESPA showed that such claims, if filed in state court, could not be removed. (Doc. 10 at 3). Disagreeing with Carrington's interpretation of the pertinent language, this Court denied the motion. (Doc. 36).

On April 8, 2010, Flagstar filed the instant motion, seeking to join or intervene as a defendant in the main action. (Doc. 74). Flagstar asserts that it holds the note secured by the second mortgage on Carrington's property, and that it has done so since before this suit was filed. As such, Flagstar contends, it has always been the real party in interest in relation to that mortgage.

No party disputes Flagstar's assertions regarding ownership of the note and the legal effects of that ownership. However, these revelations have jurisdictional implications, which this Court is obligated to address, even though no party has raised the issue. Federal courts are obligated to consider questions of subject matter jurisdiction *sua sponte*. *Allapattah Services, Inc. v. Exxon Corp.*, 362 F.3d 739, 753 (11th Cir. 2004).

**Fifth Circuit Precedent**

Flagstar utilized 28 U.S.C. § 1441(c) to remove this case from state court. That statute

provides in pertinent part that

> [w]henever a separate and independent claim or cause of action within the
> jurisdiction conferred by Section 1331 of this title is joined with one or more
> otherwise non-removable claims or causes of action, the entire case may be
> removed and the district court may determine all issues therein.

Flagstar contended that the TILA and RESPA claims in Carrington's third-party complaint were

separate from and independent of the reformation and foreclosure claims in Chevy Chase's

complaint, thereby allowing Flagstar to remove the entire case.

Such a removal would not have been permitted in most district courts. The weight of

authority is that removal under Section 1441(c) is limited to defendants, not third-party defendants.

*See*, *e.g.*, 14B Charles Alan Wright et al*., Federal Practice & Procedure* § 3722.3 (4th ed.).[1]

Within this Circuit, however, binding authority permits third party defendants to effect removal

pursuant to that statute. *See Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d

133 135 (5th Cir. 1980).[2] In that opinion, the court noted several cases that had permitted removal

on the basis of a third party claim where a separate and independent controversy had been stated,

---

[1]According to the treatise, the cases so holding do so for two main reasons. Some interpret "defendant" in Section 1441(a) to exclude third-party defendants. Others conclude that third-party claims are not claims that have been "joined" with the plaintiff's claims within the meaning of Section 1441(c).

[2]All decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

called this "the more rational view," and affirmed the removal of the case before it by a third-party defendant. *Id.* at 135-36. The United States Court of Appeals for the Eleventh Circuit has not addressed the issue of removal under Section 1441(c) by a third-party defendant. *Carl Heck* remains good law in this Circuit. As a result, Flagstar could properly utilize Section 1441(c) as a third-party defendant.

### Crossclaim Defendants

However, based on the undisputed allegations of Flagstar's motion to intervene, Chevy Chase, apparently unknowingly, sued the wrong party as holder of the second mortgage on Carrington's property. Flagstar, rather than Fidelity, should have been named as a defendant in the main action. In addition, Carrington's TILA and RESPA claims against Flagstar should have been filed as crossclaims against a co-defendant, rather than third-party claims against a stranger to the original complaint.

The propriety of a removal is determined only after the parties have been realigned according to their actual interests in the cause. *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941). The Court is not bound by the technical form of the proceedings in state court, *City of N.Y. v. Evigo Corp.*, 121 F.Supp. 748, 750 (S.D.N.Y.1954), but is obligated to ascertain the underlying substantive interests of the parties in dispute and arrange the parties according to their actual interests in the controversy. *Florida First Nat. Bank of Jacksonville v. Bagley*, 508 F.Supp. 8, 9-10 (M.D.Fla. 1980).

As a result of the new information presented in Flagstar's motion, the Court is obligated to consider the propriety of a Section 1441(c) removal by a crossclaim defendant rather than a third-

party defendant. In so doing, it is axiomatic that removal statutes, which confer jurisdiction on the federal district courts, must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Doubts concerning removability are to be resolved against removal and in favor of remand. *Alabama Dept. of Environmental Management v. Southern Clay and Energy*, 737 F. Supp. 80 (N.D.Ala. 1990).

Neither *Carl Heck Engineering* nor any other decision from the former Fifth Circuit addressed this question. And, as was the case with regard to third-party defendants, the Court has not found an Eleventh Circuit or Supreme Court decision squarely addressing the question of whether crossclaim defendants may utilize Section 1441(c). There is, however, a fairly recent Supreme Court decision that, at least by analogy, resolves this question: *Holmes Group, Inc. v. Vornado Air Circulation System*, 535 U.S. 826 (2002).

### *Holmes Group* **and the Well-pleaded Complaint Rule**

In *Holmes Group*, the Supreme Court was called on to decide whether the United States Court of Appeals for the Federal Circuit had properly exercised jurisdiction over an appeal from a Kansas district court. *Id.* at 828. The plaintiff in that case had filed a complaint in federal court seeking a declaratory judgment that its product did not infringe the defendant's trade dress. *Id.* The defendant answered and asserted a compulsory counterclaim of patent infringement. *Id.* After the district court ruled in favor of the plaintiff, the Federal Circuit heard the defendant's appeal. *Id.* at 829. The Federal Circuit possesses jurisdiction to hear an appeal from a district court "if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C. §] 1338." 28 U.S.C. §

1295(a)(1). Section 1338, in turn, provides in relevant part that district courts have original

jurisdiction over any civil action "arising under any Act of Congress relating to patents".

Section 1338 employs the same operative language as 28 U.S.C. § 1331, the general federal

question jurisdiction statute, which provides "original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." As such, in the words of the Supreme

Court, "linguistic consistency" required application of the same test for Section 1338(a) as for

Section 1331. *Id.* at 829-830.

The *Holmes Group* court noted that the well-pleaded complaint rule has long governed

whether a case arises under federal law for purposes of Section 1331. *Id.* at 830. As adapted to

Section 1338(a), that rule provides that whether a case arises under patent law "must be

determined from what necessarily appears in the plaintiff's statement of his own claim in the bill

or declaration." *Id.* at 830 (citing *Christianson v. Colt Industries Operating Group*, 486 U.S. 800,

809 (1988). Because the plaintiff's well-pleaded complaint had not asserted any claim arising

under federal patent law, the court determined that the Federal Circuit had erred in asserting

jurisdiction over the appeal. *Id.*

Section 1331 also lies at the heart of Section 1441(c), which permits removal "where a

separate and independent claim or cause of action *within the jurisdiction conferred by section*

*1331 of this title* is joined with one or more otherwise non-removable claims or causes of action"

(emphasis added). In *Holmes Group*, even though the defendant's patent infringement claims by

definition arose under federal patent law, they were not within the jurisdiction of the Federal

Circuit because they did not appear in the plaintiff's well-pleaded complaint. By the same token,

Carrington's TILA and RESPA claims, though necessarily creatures of federal law, did not appear in Chevy Chase's well-pleaded complaint. Based on the decision in *Holmes Group*, those claims did not arise under federal law for purposes of Section 1331. As such, they were not "within the jurisdiction conferred by Section 1331," as required for removal under Section 1441(c). If *Carl Heck Engineering* still governed this issue, this Court would be obligated to reach a contrary result and continue to exercise jurisdiction over this case. But based on the undisputed assertion in Flagstar's motion, Carrington's TILA and RESPA claims should be treated as crossclaims rather than third-party claims, and *Carl Heck Engineering* does not apply. Accordingly, this case must be remanded to state court.[3]

### Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that this case is remanded to the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 10, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3]The Court's determination that it cannot properly exercise jurisdiction over this case precludes it from resolving Flagstar's Motion to Intervene.